UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 09-317** |
| **JAMES LEE** | **SECTION "B"** |

## ORDER AND REASONS

Before the Court are defendant James Lee's motion for compassionate release (Rec. Doc. 380) and the government's opposition (Rec. Doc. 385). After careful consideration,

**IT IS ORDERED** that the defendant's motion for compassionate release (Rec. Doc. 380) is **DENIED**.

## FACTS AND PROCEDURAL HISTORY

On October 27, 2010, defendant pled guilty to conspiracy to possess with the intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and to possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Rec. Doc. 192. Defendant further admitted to having one previous felony drug conviction. *Id*. In his signed factual basis for the convictions, he also conceded that following his indictment he attacked a co-conspirator housed on a separate tier of the Tangipahoa Parish Jail. *Id.* at 4. Defendant and government agreed to a sentence of fifteen years. Rec. Doc. 192.

1

On January 19, 2011, this Court sentenced defendant to 180 months imprisonment in the custody of the Bureau of Prisons ("BOP"), 120 months as to the drug count and sixty months as to the firearm count, served consecutively. Rec. Doc. 227 at 2. Additionally, defendant received eight years of supervised release, eight years for the drug count and five for the firearm count, served concurrently. *Id.* at 3. After initial placement at the Pollock Correctional Institution in Pollock, Louisiana ("Pollock"), defendant is now housed at FCI Forrest City Low in Forrest City, Arkansas ("Forrest City"). *See* Rec. Doc. 380 ("change of address").

Since his incarceration, defendant has filed multiple *pro se* motions for sentence reductions, including two previous motions for compassionate release. Rec. Docs. 305, 335, 360, and 371. In August 2021, this Court denied defendant's various motions on multiple grounds. Rec. Doc. 378. The Court found that defendant had not shown exhaustion of administrative remedies before requesting compassionate release, that the government had made no Rule 35 motion, that defendant's criminal offense level previously had precluded a sentence reduction, and that defendant failed to establish any "extraordinary or compelling" medical or family reasons for a sentence reduction. *Id.* at 2-3. The Court also considered defendant's "transgression of prison rules and regulations." *Id.* at 3. In its opposition to defendant's motion,

the government presented evidence that while incarcerated, defendant had "received sanctions for threatening bodily harm, assaulting without serious injury, and fighting with another person." Rec. Doc. 368 at 25.

On February 23, 2022, defendant filed the instant motion requesting compassionate release and a sentence reduction to time served. Rec. Doc. 380. The government responded in opposition on April 8, 2022. Rec. Doc. 385.

**LAW AND ANALYSIS**

**Defendant's motion fails for lack of exhaustion**

For a federal court to consider a motion for compassionate release, a defendant must first exhaust his administrative remedies. 18 § 3582(c)(1)(A). Such exhaustion occurs either when: (1) a defendant has completely appealed the BOP's refusal "to bring a motion on the defendant's behalf" or (2) a defendant's request remains unanswered by his warden after thirty days. *Id*. The Fifth Circuit describes exhaustion as a "mandatory claim-processing rule." *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Consequently, such a rule provides that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 920 (2020). There are no exceptions to the legislatively inscribed rule. *Id.* ("Congress has commanded that a 'court *may not*

modify a term of imprisonment' if a defendant has not filed a request with the BOP.") (emphasis original).

Further, it is the defendant's burden to prove exhaustion. *United States v. Vedros*, No. 14-237, 2020 WL 2838589, at *2 (E.D. La. June 1, 2020), *appeal dismissed*, No. 20-30511, 2021 WL 3627258 (5th Cir. Mar. 16, 2021); *United States v. Baker*, No. 16-179, 2021 WL 5356911, at *2 (E.D. La. Nov. 17, 2021) ("A prisoner must demonstrate that he has exhausted his administrative remedies."); *United States v. Carter*, No. CR 05-229, 2021 WL 1295103, at *1 (E.D. La. Apr. 7, 2021) ("The defendant bears the burden of demonstrating exhaustion."). When a defendant fails to comply with the exhaustion rule, courts deny compassionate release motions. *See, e.g.*, *Franco*, 973 F.3d at 467; *United States v. Powell*, 834 F. App'x 940, 941 (5th Cir. 2021) (denying motion filed twenty-six days after request to warden). Although the Fifth Circuit "applies less stringent standards to parties proceeding pro se . . . and liberally construes briefs of pro se litigants," procedural requirements still remain. *Johnson v. Gonzalez*, 172 F.3d 869, 869 (5th Cir. 1999); *see also United States v. Rinestine*, 834 F. App'x 953, 954 (5th Cir. 2021).

When a defendant merely mentions an unsubstantiated request to his warden in his motion, courts fail to find sufficient proof of exhaustion. *See, e.g.*, *Vedros*, 2020 WL 2838589, at *1 (finding the defendant failed to exhaust administrative remedies when there

4

was "no record of a compassionate release request by [defendant] to the warden"); *United States v. Turner*, No. 17-55, 2022 WL 2048115, at *5 (E.D. La. June 7, 2022) (finding the defendant failed to exhaust administrative remedies when he "provide[d] no supporting evidence"); *United States v. Guyton*, No. 11-271, 2020 WL 2128579, at *2–3 (E.D. La. May 5, 2020) (same); *Baker*, 2021 WL 5356911, at *2 (same). Moreover, a defendant cannot make use of previous requests that are no longer timely. *Samak*, 2020 WL 2473780, at *2 (denying exhaustion from 2017 and 2018 requests). The factual allegations in the request to the warden must match the claims on the defendant's motion. *See United States v. Gonzalez*, 849 F. App'x 116, 117 (5th Cir. 2021) (finding the defendant did not exhaust remedies because the defendant's request to the warden did not discuss the health conditions referenced in his subsequent motion for compassionate release); *Samak*, 2020 WL 2473780, at *2 (holding that "the request must be premised on the same facts alleged in the corresponding motion filed with the court").

In the instant case, defendant claims exhaustion through an unanswered request to the warden at Pollock.[1] Rec. Doc. 380 at 1.

---

[1] The government raised exhaustion in its opposition, thus, the Court has the authority to consider the issue. See *United States v. McLean*, No. 21-40015, 2022 WL 44618, at *1-2 (5th Cir. Jan. 5, 2022) (vacating the denial of a compassionate release when the government did not raise the issue and remanding the case); *United States v. Snodgrass*, 857 F. App'x. 819, 820 (5th Cir. 2021) (affirming the denial when "[t]he Government raised the exhaustion rule in the district court").

This assertion fails as conclusory and untimely. Defendant offers no additional facts regarding his request nor attaches any additional documentation. *See* Rec. Doc. 380. In a previous filing ("reply to response"), defendant stated: "The last motion I filed for compassionate release was not done through the prison first therefore the government filed for it to be denied for that [reason]." Rec. Doc. 371 at 2. The Court infers from this statement and defendant's assertion in the instant motion that defendant believed he made some request of his warden for compassionate release. However, neither an inference by the court nor a bald claim by a defendant has been held sufficient as proof of such a request. *See Vedros*, 2020 WL 2838589, at *1; *Turner*, 2022 WL 2048115, at *5; *Guyton*, 2020 WL 2128579, at *2-3; *Baker*, 2021 WL 5356911, at *2. Though it is the defendant's burden to produce evidence of exhaustion, the government in the instant case claims it also has been unable to locate a record of defendant's request. *See* Rec. Doc. 385 at 8.

Even if evidence of an unanswered request from Pollock were produced, it also would likely fail for untimeliness. Defendant was not an inmate at Pollock at the time of motion filing. *See* Rec. Doc. 380 (sent while incarcerated at Forrest City). Yet, defendant relies on a denied (and unproduced) request at Pollock. *Id.* at 1 ("I filed for compassionate release with warden while at Pollock[,] La. and never got a response."). The facts asserted in

6

the request to the warden and in the motion for compassionate release, however, must be the same. *See Gonzalez*, 849 F. App'x at 116; *Samak*, 2020 WL 2473780, at *2. Defendant here cannot allege the same concerns while housed in a different facility in another state. Accordingly, defendant has not yet exhausted administrative remedies, and thus, he is not entitled to compassionate release.[2]

New Orleans, Louisiana this 22nd day of July, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Because defendant failed to exhaust administrative remedies before filing his motion, the Court need not address the merits of the motion. *See, e.g.*, *Franco*, 973 F.3d at 465 (declining to address the merits of a compassionate release motion when the defendant failed to exhaust administrative remedies); *Rinestine*, 834 F. App'x at 954 (same); *Snodgrass*, 857 F. App'x. at 820 (same); *Vedros*, 2020 WL 2838589, at *1 (same); *Turner*, 2022 WL 2048115, at *5 (same); *Guyton*, 2020 WL 2128579, at *2-3 (same); *Baker*, 2021 WL 5356911, at *2 (same).